UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| NORMAN PADGETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:19-CV-047-TAV-DCP |
| | ) | |
| CHRIS JONES, | ) | |
| SCOTT SHEPPARD, and | ) | |
| TOM SPANGLER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. The matter is now before the Court for the required screening of Plaintiff's complaint pursuant to the Prisoner Litigation Reform Act ("PLRA"). For the reasons set forth below, Plaintiff will have fifteen (15) days from the date of entry of this order to file an amended complaint.

### I. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71

(6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff claims that Defendant Jones obtained a warrant for Plaintiff's arrest through reckless omission of the material facts, had no probable cause to arrest Plaintiff for the crime with which Plaintiff is charged, and did not investigate the charged crime [Doc. 1 p. 3–4]. Plaintiff further alleges that the crime with which he was charged never occurred and that the prosecution refused to let Plaintiff plead guilty to the crime that he did commit [*Id.* at 4].

## III. ANALYSIS

First, Plaintiff does not set forth any specific allegations against Defendants Sheppard and Spangler in his complaint. As such, the complaint fails to state a claim upon which relief may be granted under § 1983 as to these Defendants. *Frazier v. Michigan,* 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the

defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure to respond or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983).

As to Defendant Jones, while Plaintiff generally alleges that Defendant Jones lacked probable cause to arrest Plaintiff and omitted facts to have Plaintiff arrested, he has not set forth any facts to support such a claim, but rather has presented only conclusory allegations. Formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief, however. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983 as filed. Nevertheless, the Court will allow Plaintiff fifteen (15) days from the date of entry of this order to file an amended complaint with a short and plain statement of facts setting forth exactly how his constitutional rights were violated and the individual(s) and/or entity(ies) responsible for any such violations.[1] *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that "[u]nder Rule 15(a) a district court

---

[1] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to Plaintiff's original complaint under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint which were not set forth in his original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA").

## IV. CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** send Plaintiff a form § 1983 complaint to both the Knox County Detention Facility and the address listed in Plaintiff's complaint [Doc. 1 p. 3];

2. Plaintiff has fifteen (15) days from the date of entry of this order to file an amended complaint;

3. Plaintiff is **NOTIFIED** that any amended complaint Plaintiff files will completely replace the previous complaint;

4. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and failure to follow the orders of this Court; and

5. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE