UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| NORMAN PADGETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:19-CV-47-TAV-DCP |
| | ) | |
| CHRIS JONES, | ) | |
| SCOTT SHEPPARD, and | ) | |
| TOM SPANGLER, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On July 17, 2019, the Court entered an order screening Plaintiff's complaint, providing that Plaintiff had fifteen (15) days from the date of entry of the order to file an amended complaint, and directing the Clerk to send that order to both of the addresses on Plaintiff's complaint [Doc. 8 p. 1–4]. In the order, the Court warned Plaintiff that if he failed to timely comply therewith, the Court would dismiss this action [*Id.* at 4]. More than thirty (30) days have passed since entry of this order, and Plaintiff has not filed an amended complaint or otherwise communicated with the Court. Accordingly, for the reasons set forth below, this action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with . . . any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors

when considering dismissal under Rule 41(b): (1) whether the plaintiff's failure is due to willfulness, bad faith, or fault; (2) whether the defendant was prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions ought to be imposed before dismissal is ordered. *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, although the United States Postal Service returned the mail containing the Court's order that the Clerk sent to Plaintiff at the last address he provided to the Court [Doc. 9], the Clerk also sent the order to the address of Plaintiff's nearest relative, which was the only other address that Plaintiff provided in his complaint [Doc. 1 p. 3; Doc. 8 p. 4].[1] Thus, Plaintiff either received the Court's order at the other address that he provided, but chose not to comply therewith, or he did not receive the Court's order due to his failure to provide the Court with his most recent address or monitor the case as required by Local Rule 83.13, of which the Clerk and the Court repeatedly notified Plaintiff [Doc. 2; Doc. 5 p. 2; Doc. 7 p. 2; Doc. 8 p. 4]. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

---

[1] The Tennessee Department of Correction's felony offender information database now lists Plaintiff's supervision status as "probation." *See* https://apps.tn.gov/foil-app/search.jsp.

2

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order [Doc. 8 p. 4].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. When he filed his complaint, Plaintiff was a prisoner [Doc. 1 p. 2], and Plaintiff has not pursued this case since sending a letter regarding payment of the filing fee [Doc. 6] more than five (5) months ago.

Accordingly, for the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b) and the Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

**IT IS SO ORDERED**.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE